**In the Matter of Douglas S. FOLLOWELL, Respondent.**

**No. 77S00–0806–DI–375.**

Supreme Court of Indiana.

Aug. 15, 2013.

*PUBLISHED ORDER REVOKING PROBATION AND IMPOSING SUSPENSION*

On April 9, 2009, the Court entered an order approving the parties' conditional agreement that Respondent violated Indiana Professional Conduct Rule 8.4(b) by committing a criminal act that reflects adversely on the lawyer's trustworthiness or fitness as a lawyer. This was based on Respondent's conviction of three alcohol-related crimes. The Court entered an order suspending Respondent from the practice of law for a period of 180 days, with 30 days actively served, beginning June 1, 2009, and the remainder stayed subject to completion of at least 36 months of probation with monitoring by the Indiana Judges and Lawyers Assistance Program ("JLAP"). One condition of probation was

that Respondent have no violations of the JLAP monitoring agreement, the law, or the Rules of Professional Conduct. The order provides that if Respondent violates his probation, the Commission will file a motion to revoke his probation and request that Respondent actively serve his suspension without automatic reinstatement.

Respondent was arrested in Florida on May 5, 2012, and on July 5, 2012, he entered a plea of *nolo contendere* and was convicted of "First Offense, Misdemeanor for Driving Under the Influence of Alcohol, in Florida." On May 9, 2013,[1] the Commission filed a verified motion to revoke Respondent's probation, pursuant to Admission and Discipline Rule 23(17.2)(a), asserting this arrest and conviction violated the conditions of his probation. Respondent filed a response admitting the Commission's factual allegations but requesting that the Court take into account certain circumstances in deciding whether his probation should be revoked. He recounts his compliance with the terms of his probation for almost three years until his arrest in Florida and says that he has scheduled counseling sessions with an alcohol advisor in Florida. He suggests no alternative to revocation of probation, such as extension of his probation with renewed JLAP monitoring.

Having considered the parties' submissions, the Court concludes that Respondent has committed a material violation of his probation—one that is of the same type of misconduct that resulted in his initial discipline. The circumstances cited by Respondent are insufficient to convince this Court that his probation should not be revoked.

Being duly advised, the Court GRANTS the motion and revokes Respondent's probation. **Respondent shall be suspended from the practice of law for a period of not less than 150 days, without automatic reinstatement, beginning September 27, 2013.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4). Reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse, rehabilitation, and fitness to practice law. *See* Admis. Disc. R. 23(4)(b).

The Court directs the Clerk to serve a copy of this Order upon Respondent and the Executive Secretary by personal service or by certified mail return receipt requested. The Court further directs the Clerk to forward a copy of this Order and to all entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.

---

1. The Commission states that it delayed in seeking revocation of probation based on a letter in which Respondent stated that he was in the process of retiring and relocating to Florida. The Commission states that it recently became aware that Respondent was planning to return to Indiana to practice law.